**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRENNAN BORNE** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **LEGAL REPRESENTATIVE OF JUAN A. CASTRO, JOSE RIOS, ABP TRANSPORT CORPORATION, AND PRIME PROPERTY & CASUALTY INSURANCE, INC.** | * * * * * * | **MAGISTRATE** |

## NOTICE OF REMOVAL

Defendants, Prime Insurance Company [1] ("Prime") and ABP Transport Corporation ("ABPTC") (collectively "Defendants"), through undersigned counsel, give notice of the removal of this civil action from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1441, on the following grounds:

1.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Defendants base this removal on diversity of citizenship under 28 U.S.C. § 1332, as set forth more fully below.

---

[1] Erroneously named "Prime Property & Casualty Insurance Inc." in the state court proceeding.

2.

Removal venue is proper in the United States District Court for the Middle District of Louisiana, because this Court is "the district court of the United States for the district and division" embracing the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, which is the venue where the state court action is pending.

3.

Plaintiff Brennan Borne instituted this action by filing his *Petition for Damages* ("*Petition*") in the proceeding entitled *Brennan Borne v. Legal Representative of Juan A. Castro, Jose Rios, ABP Transport Corp., and Prime Property & Casualty Insurance Inc.*, Docket No. C-728407, Section "21," in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on February 2, 2023. A copy of the *Petition* filed in the state court action is attached hereto as Exhibit "A." A Return Copy of the Citation showing service on Prime and ABPTC is attached hereto as Exhibit "B." Upon information and belief, the other defendants have not yet been served.

4.

Defendant Prime was served on February 8, 2023. Defendant ABPTC was served on February 14, 2023. Accordingly, Defendants are filing this *Notice of Removal* within thirty (30) days after the receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim(s) for relief upon which such action or proceeding is based, and less than one (1) year after commencement of the action. *See* 28 U.S.C. § 1446(b)(1), (c)(1).

# DIVERSITY OF CITIZENSHIP

5.

Plaintiff Brennan Borne alleges that he is a resident of Livingston Parish, State of Louisiana. *See* Exhibit "A," at the prefatory paragraph. "A United States citizen who is domiciled in a state is a citizen of that state." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Therefore, for purposes of diversity jurisdiction, Plaintiff is a citizen of Louisiana.

6.

Defendant, Juan A. Castro ("Castro"), is alleged to have been a resident of Harris County, State of Texas.[2] *See* Exhibit "A," at Paragraph 1(C). Therefore, for purposes of diversity jurisdiction, Mr. Castro is a citizen of Texas.

7.

Defendant, ABPTC, is alleged to be a foreign business not licensed to do business in the State of Louisiana. *See* Exhibit "A," at Paragraph 1(A). ABPTC is a Florida corporation with its principal place of business in Florida. For purposes of diversity jurisdiction, a corporation's citizenship is based on its state of incorporation and state in which its principal place of business is maintained. 28 U.S.C. § 1332(c)(1). Therefore, for purposes of diversity jurisdiction, ABPTC is a citizen of Florida.

8.

Defendant, Prime, is alleged to be "a corporation foreign corporation that is licensed to do and is actually doing business in the State of Louisiana." *See* Exhibit "A," at Paragraph 1(B). For

---

[2] Upon information and belief, Mr. Castro is deceased.

purposes of diversity jurisdiction, a corporation is a citizen of the state of its incorporation as well as the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Prime is an Illinois corporation with its principal place of business in Utah. Therefore, for purposes of diversity jurisdiction, Prime is a citizen of both Illinois and Utah.

9.

Defendant, Jose Rios ("Rios"), is alleged to be a resident and domiciliary of Broward County, Florida. *See* Exhibit "A," at Paragraph 1(D). Therefore, for purposes of diversity jurisdiction, Mr. Rios is a citizen of Florida.

10.

Accordingly, all defendants in this matter have different citizenship from Plaintiff. As such, complete diversity exists among the parties.

## **AMOUNT IN CONTROVERSY**

11.

Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints," stating that the damages are not more than the minimum jurisdictional amount. *See DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1992) *citing In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that plaintiffs have to show that they are bound irrevocably by their state pleadings." *Id.* at n. 10. Thus, Plaintiff has the burden of establishing to a "legal certainty" that his claims are actually for less than the jurisdictional amount. *Id.* at 1411.

12.

Although liability is strictly denied, Defendants reasonably believe that the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000.00 set forth in 28 U.S.C. §1332, and incorporated in 28 U.S.C. §1441(a). Defendants base this belief, in part, on the length of time since the alleged date of loss and the types of damages allegedly suffered by Plaintiff (e.g., past, present, and future trauma and pain to Plaintiff's head, back, and neck; past, present, and future mental and physical pain and suffering; past, present, and future lost wages; physical, cognitive, and mental disability; impairment of earning capacity; medical expenses; property damage). *See* Exhibit "A", at Paragraph 8.

13.

Considering the foregoing facts in controversy and based on the application of Louisiana law as to the value of the claims asserted by Plaintiff, this Court has original jurisdiction, and this matter is properly removed, because the amount in controversy exceeds $75,000.00, and because there is complete diversity among the parties, as set forth in 28 U.S.C. § 1332.

## **OTHER MATTERS**

14.

Because defendants Mr. Castro and Mr. Rios have not yet been served, their consent to this removal is not required. 28 U.S.C. § 1446(b)(2)(A).

15.

In accordance with the requirements of 28 U.S.C. § 1446(a), a complete record of all process, pleadings, and orders filed in the state court case entitled *Brennan Borne v. Legal*

*Representative of Juan A. Castro, Jose Rios, ABP Transport Corp., and Prime Property & Casualty Insurance Inc.*, Docket No. C-728407, Section "21," in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana is attached hereto as Exhibit "C"

16.

Pursuant to the requirements of 28 U.S.C. § 1446(d), Prime will promptly file a *Notice of Filing of Notice of Removal* with the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Further, Defendants will promptly give written notice of the removal to all adverse parties. *See Notice of Filing of Notice of Removal*, attached hereto as Exhibit "D."

17.

Defendants hereby reserve any and all rights to assert, as defenses to the *Petition*, all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure, as well as all other jurisdictional, procedural, and venue defenses to the merits of the action.

**WHEREFORE**, Defendants respectfully submit this *Notice of Removal* of the state court action to this Court and hereby remove the action now pending against it in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State Louisiana, to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ J. Geoffrey Ormsby*
**J. GEOFFREY ORMSBY, T.A. (No. 24183)**
**McDONALD G. PROVOSTY (No. 28389)**
 -of-
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205
Email: gormsby@smithfawer.com
 mprovosty@smithfawer.com

*Counsel for Defendants, Prime Insurance Company & ABP Transport Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record registered in the federal CM/ECF system. I further certify that a copy of the foregoing and the notice of electronic filing was served by facsimile and email to the following:

John H. Smith
Loren D. Shanklin
Alicia M. Sosa
**SMITH SHANKLIN SOSA, L.L.C.**
service@smithshanklin.com
 -and-
Gary M. Gaudin
**LAW OFFICE OF GARY M. GAUDIN**

*Counsel for Plaintiff Brennan Borne*

 */s/ J. Geoffrey Ormsby*