UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BRENNAN BORNE**                              **CIVIL ACTION NO.**

**VERSUS**

**23-187-JWD-EWD**

**LEGAL REPRESENTATIVE OF**
**JUAN A. CASTRO, ET AL.**

## NOTICE AND ORDER

This is a civil action by Brennan Borne ("Plaintiff") for damages allegedly sustained in a motor vehicle accident.[1] On February 2, 2023, Plaintiff filed his Petition for Damages ("Petition") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana against defendants Legal Representative of Juan A. Castro ("Castro"), Jose Rios ("Rios"), ABP Transport Corp. ("ABP Transport"), and Prime Property & Casualty Insurance Inc. ("PPCII") (collectively, "Defendants").[2] On March 9, 2023, the matter was removed by ABP Transport and Prime Insurance Company ("Prime") (collectively, "Removing Parties"), alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3] However, as explained below, the Notice of Removal is deficient in its allegations regarding the citizenship of the parties.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The amount in controversy requirement is satisfied by allegations in the Notice of Removal and Plaintiff's Petition, coupled with Plaintiff's statement in the Joint Status Report that "Plaintiff has

---

[1] R. Doc. 1-1 ¶¶ 3-6
[2] R. Doc. 1-1.
[3] R. Doc. 1, at ¶ 1. When removed, this matter was initially assigned to Judge Brian A. Jackson and Magistrate Judge Scott D. Johnson. R. Doc. 1. However, on June 12, 2023, this matter was consolidated with an earlier filed action titled *Christopher Cheney v. Juan A. Castro, et al.*, No. 23-95, considering both matters involve common questions of law and fact. R. Doc. 8.

incurred in excess of forth thousand ($40,000.00) expenses as a direct result of the [Defendants'] negligence" and, based on "information available at the present time, Plaintiff reasonably expects to incur an additional seventy-five thousand ($75,000.00) in medical expenses."[4]

The Notice of Removal adequately alleges (1) that ABP Transport is a Florida corporation with its principal place of business in Florida; (2) that Prime is an Illinois corporation with its principal place of business in Utah; and (3) that Rios is domiciled in, and a citizen of, Florida.[5] However, the citizenships of Plaintiff and Castro have not been adequately alleged, as both the Notice of Removal and Petition allege only the states where these parties reside(d).[6] The citizenship of an individual is determined by domicile, not residency, and the citizenship of the legal representative of an individual is determined by the domicile of the decedent.[7] Additionally, the Notice of Removal was filed by Prime, who contends that it was "[e]rroneously named" as PPCII in Plaintiff's Petition.[8] While the citizenship of Prime has been adequately alleged, the citizenship of named defendant PPCII has not. As neither the Notice of Removal nor Petition adequately allege the citizenship pf PPCII, the named defendant in the Petition, the Court cannot make the required determination as to whether complete diversity existed at the time of removal. Accordingly, Removing Parties will be ordered to file a motion for leave, with an amended notice of removal attached, that adequately alleges the citizenship of (1) Plaintiff Brennan Borne, (2) the Defendant, the legal representative of Juan A. Castro (*i.e.,* Castro's domicile at death), and (3) the currently named defendant Prime Property & Casualty Insurance Inc. Alternatively, to the correct

---

[4] *See* R. Doc. 4, p. 3.
[5] R. Doc. 1, ¶¶ 7-9.
[6] R. Doc. 1, ¶¶ 5-6; R. Doc. 1-1, at intro. & ¶ 1(C).
[7] 28 U.S.C. § 1332(c)(2) and *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Castro is alleged to be deceased. R. Doc. 1, p. 7, n. 2.
[8] R. Doc. 1, at intro. & n. 1.

the deficient allegations as to PPCII, Plaintiff may file an amended complaint to substitute Prime for PPCII, if Plaintiff agrees that Prime was the intended defendant.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship.[9]

Accordingly,

**IT IS ORDERED** that, on or before **November 6, 2023,** Defendant ABP Transport Corporation and Prime Insurance Company shall file a motion for leave to file a comprehensive, amended Notice of Removal that contains all their numbered paragraphs, as revised, supplemented and/or amended, and that adequately alleges the citizenship of all parties, as set out in this Notice and Order. Rather than ABP Transport and Prime Insurance Company alleging the citizenship of named defendant Prime Property & Casualty Insurance Inc. in any amended Notice of Removal, Plaintiff may file an amended complaint to substitute Prime for PPCII, if Plaintiff agrees that Prime was the intended defendant. The citizenships of Plaintiff and Castro would still need to be corrected in an amended Notice of Removal.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, October 23, 2023.

                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[9] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").